## DEEP VEIN COAL CO. v. CHICAGO & E. I. RY. CO. et al.

### No. 5138.

Circuit Court of Appeals, Seventh Circuit.
June 27, 1934.

Morton C. Embree and Charles O. Baltzell, both of Princeton, Ind., for appellant.

T. Morton McDonald and Douglas H. McDonald, both of Princeton, Ind., and K. L. Richmond, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant's mines were served by a switch track which appellee railway had constructed pursuant to a written contract between them. The contract specified, inter alia:

"8. The Coal Company will also indemnify and save harmless the Eastern Illinois Company for loss, damage or injury from any act or omission of the Coal Company, its employes or agents, to the person or property of the parties hereto and their employes, and to the person or property of any person or corporation while on or about said tracks, and if any claim or liability, other than from fire, shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally."

"10. The Coal Company will not erect or allow to be erected any building, structure, fixture or pile of any kind in dangerous proximity to said proposed tracks or any of them and will protect, indemnify and save harmless the Eastern Illinois Company against loss, damage or expense in consequence of injury to or death of any person or persons, or damage to property, by reason of or growing out of the location of any such building, structure, fixture or pile."

The coal company erected and maintained for its use a line of poles, one of which it placed so near the switch track as to endanger the safety of the railway's trainmen operating its cars upon the switch track, in consequence whereof one of its trainmen, in the dis-charge of his duty, came in contact with the pole and suffered injuries. The injured man made demand upon the railway and the mining company for the damages occasioned, and the railway demanded that the mining company indemnify it against loss occasioned by this location of the pole. Thereupon the coal company and the railway entered into an agreement whereby the railway would undertake to make settlement with the injured man, leaving the question as to whether the entire amount of the settlement should ultimately be borne by the railway, or borne equally by the railway and the coal company, to be thereafter adjusted. The railway effected a settlement with the injured man for the sum of $9,248.91 and paid him that sum.

Upon the contention that paragraph 8 of the contract applied, the coal company paid the railway one-half of the amount which the railway had paid, but refused to pay the other half, and for this the suit was brought. The court directed a verdict for appellees and entered judgment accordingly.

The question must be decided under the terms of the contract. If paragraph 10 applies, appellees were entitled to recover; but, if paragraph 8 governs, appellees cannot prevail. The paragraphs are mutually exclusive.

Appellant contends that the negligence causing the injury was the joint or concurring negligence of the coal company and the railway, in that the former set its pole dangerously near the switch track, while the latter negligently suffered its track to remain in dangerous proximity to the pole, and negligently sent its employe into this dangerous place to work.

It seems to us that the joint or concurring negligence covered by paragraph 8 is not the negligence of the one party consequent upon the primary negligence of the other. But, be that as it may, paragraph 10 definitely and specifically covers such a case as this. The paragraph defines the rights of the parties where a liability accrues to the railway by reason of the coal company's placing any structure in dangerous proximity to the track. Paragraph 8 is general. Instances may be readily conceived where an injury is the result of the concurring negligence of the two. Such would in general be covered by paragraph 8. But this particular instance of loss to the railway resulting from the coal company's placing of its structure in dangerous proximity to the track is specifically covered by paragraph 10, which specifies that in such case the coal company will pro-

teet, indemnify, and save harmless the railway against loss. The very specific paragraph 10, whenever it applies, excludes the application of the general paragraph 8.

The coal company did erect its pole in such dangerous proximity to the track, and under paragraph 10 must hold the railway harmless against its entire consequential loss.

Under these circumstances, the court correctly directed the verdict and entered the judgment complained of, and the judgment is affirmed.