ANNA D. WEBB, a Widow, v. AMERICAN FIRE & CASUALTY COMPANY, a Corporation, as Garnishee.

5 So. (2nd) 252

Division A

Opinion Filed December 9, 1941

Rehearing Denied January 8, 1942

*Elmore Cohen*, for Plaintiff in Error;

*C. D. Blackwell* and *Morehead* and *Pallot,* for Defendant in Error.

BUFORD, J.—Appellant here, after having recovered a judgment against one Louis Davidson, individually, and Sophie Davidson and her husband Louis Davidson, for the sum of $3,250.00 and costs, instituted garnishment proceedings on said judgment against American Fire & Casualty Company, a corporation, as

garnishee, wherein she claimed the right to recover the amount of the judgment from the Casualty Company by reason of an indemnity policy theretofore issued to Sophie Davidson covering bodily injury liability suffered by one while riding in the automobile described in the policy.

Amongst other things, the policy contained a provision as follows:

"VI. EXCLUSIONS: This policy does not apply . . . (f) Under Coverage 1, to bodily injury or to death of the Insured; or to bodily injury or to death of any employee of the Insured while engaged in the business of the Insured (other than domestic employment in the home), or in the operation, maintenance or repair of the automobile; or to any obligation for which the Insured may be held liable under the Workmen's Compensation Law; or to bodily injury or to death of any passenger or passengers while any automobile described in the Declarations as 'Commercial' is used for passenger carrying purposes, regardless of whether a consideration is charged for the carrying of such passenger or passengers;"

The policy also provides as follows:

"III. DEFINITION OF INSURED: The unqualified word 'Insured' wherever used in Coverages 1 and 2 and in other parts of this policy, when applicable to these coverages, includes not only the Named Insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the Named Insured."

716

Trial was had before the court without jury on stipulation of counsel.

At the close of the testimony, the court entered its order as follows, to-wit:

"This cause was duly presented by counsel for the parties for trial upon the issues made by the Answer of the Garnishee, American Fire & Casualty Company. The Court heard testimony offered by the parties and has duly considered this cause upon the testimony, the stipulation filed before the Court January 2, 1941, and argument of counsel.

"The Court finds that the Garnishee is not liable upon the policy, because the policy does not apply if the interest of the insured is other than is stated on the policy, and because the policy does not apply to bodily injury of an employee of the insured while engaged in the business of the insured.

"Thereupon the Court ADJUDGED the issues made by the Answer of the Garnishee, American Fire & Casualty Company, in favor of the Garnishee; that the Garnishee, American Fire & Casualty Company go hence without day, and plaintiff take nothing from the Garnishee by this action; and that costs be taxed against plaintiff insofar as these issues are concerned."

To this judgment writ of error was taken.

There was considerable evidence as to the ownership of the automobile; that is, whether it belonged to Louis Davidson or to Sophie Davidson. But the evidence shows conclusively that at the time of the accident in which the plaintiff was injured the automobile was operated by Louis Davidson with the knowledge and consent of Sophie Davidson and that

at the time Anna D. Webb, the plaintiff, was an employee of Louise Davidson engaged by him as a clerk under a contract and agreement by which she was to work as clerk in either a store belonging to Louis Davidson located at Deerfield, Florida, or at a store owned by Louis Davidson, located at Pompano, Florida, as and when her services should be required at either place, and that as compensation for her services she was to receive a stated weekly salary, was to be provided with room and board, and was to be transported to and from the store or stores where she was to work. The accident occurred while she was being transported from the store at Pompano by way of Deerfield, where Mrs. Davidson was working, and then to proceed from there to the place where they lived. All of which was within the terms of the contract of employment.

So the controlling question is, whether or not the bodily injury occurred to the plaintiff when she was then an employee of the Insurers, while engaged in the business of the insured. This must be answered in the affirmative, if her employer was the insured under the terms of the policy, on authority of the opinion and judgment in the case of Cohen v. Sloan, 138 Fla. 752, 190 Sou. 14, and cases there cited. See also Southern States Manufacturing Co. v. Wright, 146 Fla. 29, 200 Sou. 375.

We then come to the question as to whether or not the plaintiff is excluded under sub-paragraph (f), *supra*, of the Exclusion Clause of the policy. To determine that question, we look to the definition in the policy of the word "insured" as it appears in the policy and we find from the provisions of paragraph

III, *supra*, that the unqualified word "insured" as used in sub-paragraph (f), *supra*, "includes not only the named Insured but also any person while using the automobile when such actual use is with the permission of the named Insured."

The named Insured as it appears in the policy is Sophie Davidson but it is immaterial whether or not the terms of the policy were changed after the policy was issued and before the accident by a rider naming Louis Davidson as the Insured. If Louis Davidson was the named Insured, then the plaintiff could not recover because the accident occurred while she was engaged as an employee of the Insured, and while she was being transported within the terms of her employment; and if Sophie Davidson was the named Insured, plaintiff could not recover because the Exclusion Clause applies not only to the named Insured but also applied to Louis Davidson who was using the automobile with the knowledge and consent of the named Insured to transport his employee under his contract of employment with the plaintiff.

Our conlusion is that the order and judgment entered by the Circuit Court was without error.

Having reached this conclusion, it is not necessary to discuss other question presented.

Judgment should be affirmed and it is so ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.