**RECONSTRUCTION FINANCE CORP. v. THE PUEBLO et al.**

**RECONSTRUCTION FINANCE CORPORATION v. THE WATERTOWN et al.**
United States District Court
S. D. New York.
May 8, 1951.

Irving H. Saypol, U. S. Atty., New York City, for libelant, Edward L. Smith, New York City, advocate.

Burlingham, Veeder, Clark & Hupper, New York City, for respondent Gulf Oil Corp. Burton H. White, Herbert M. Lord, New York City, advocates.

Nash, Ten Eyck, Maximov & Freehill, New York City, for claimant-respondent Cities Service Oil Co. Eli Ellis, J. Newton Nash, New York City, advocates.

IRVING R. KAUFMAN, District Judge.

The respondents in both of these actions have excepted to the libels and ask their dismissal on the ground that these suits are actually brought by and for the United States through an instrumentality of the United States against the United States through respondents as agents. The respondents cite as their authority Defense Supplies Corp. v. United States Lines Co., 2 Cir., 1945, 148 F.2d 311. In that action the United States was joined as a respondent. The decision in that case was merely that the Defense Supplies Corporation (predecessor of the Reconstruction Finance Corporation) could not bring suit against the United States as a party, as evidenced by the following excerpts from the opinion:

"The threshold question is whether the Defense Supplies Corporation may bring suit against the United States under the Suits in Admiralty Act [46 U.S.C.A. § 741 et seq.]. * * *

"It seems clear to us that the complete ownership of the Defense Supplies Corporation by the United States shows this to be nothing more than an action by the United States against the United States. * * *

"* * * We conclude, therefore, that the Defense Supplies Corporation cannot maintain a suit against the United States under the Suits in Admiralty Act. * * *" 148 F.2d at pages 312–313.

The actions herein have been brought by a conceded instrumentality of the United States against the respondents for alleged damage to or shortage of cargoes carried by respondents for libelant under voyage charters in 1942 and in 1944. Respondents allege that since they have a right to indemnity from the United States for any damages recoverable by libelant, therefore they fall within the doctrine of the Defense Supplies Corp. v. United States Lines Co. case.

4

If it were clear that respondents are entitled to indemnity from the United States for any damages assessed in this action, then obviously the libels should be dismissed at this time. However, libelant disputes respondents' absolute right to indemnity.

The background facts of the respondents' relationship to the United States are as follows: The United States Government requisitioned respondents' vessels and they were operated by the respondents for the Government pursuant to two basic documents, the time charter agency or service agreement and the time charter party.

Respondents rely for their alleged right of indemnification on Article 17(a) of the agency or service agreement which provides as follows: "The United States shall indemnify and hold harmless and defend the Agent against any and all claims and demands (including costs and reasonable attorneys' fees in defending such claim or demand, whether or not the claim or demand be found valid) of whatsoever kind or nature and by whomsoever asserted for injury to persons or property arising out of or in any way connected with the operation or use of said vessels or the performance by the Agent of any of its obligations hereunder, including but not limited to any and all claims and demands by passengers, troops, gun crews, crew members, shippers, third persons, or other vessels, and including but not limited to claims for damages for injury to or loss of property, cargo or personal effects and claims for damages for personal injury or loss of life."

▇▇▇▇ On the basis of the above section the respondents ask that the libel be dismissed. The respondents in effect seek a form of summary judgment, and their exceptions or exceptive allegations cannot be sustained if there exist substantial issues of fact which should await a trial. C. H. Sprague & Son Co. v. Howard, D.C.N.J. 1946, 68 F.Supp. 348. This action is against agents of the United States. The agency relationships were established by written agreements, and there is no question that a principal can sue an agent for violation of the agency contract. Restatement of Agency, Sec. 400. The question here is as to the obligations of the agents under their

agreements, and since the libelant is in effect the principal, the United States, these actions are actually actions by the principal against its agents for damages arising out of the agents' alleged breach of duty.

The libelant sharply disputes respondents' claims that they are entitled to indemnification. It claims that other sections of the time charter party and the service agreement negate respondents' interpretation of Article 17(a) of the service agreement. For example, Clause 20 of the time charter party provides that: "Unless otherwise mutually arranged, at all times during the currency of this Charter the Charterer shall provide and pay for or assume: (i) insurance on the Vessel, under the terms and conditions of the full form of standard hull war risk policy of the War Shipping Administration, which shall include malicious damage, sabotage, strikes, riots and civil commotion, insured for and valued at the amount set forth in Part I which insurance shall be made payable to the persons entitled thereto; (ii) all war risk insurance, as required, * * *; and (iii) war risk protection and indemnity insurance * * *.

 \* \* \* \* \* \*

"Except as to risks or liabilities assumed, insured or indemnified against by the Charterer pursuant to this Charter, unless otherwise agreed, the Owner shall assume or insure against all other risks or liabilities of whatever nature including without limitation those of a Marine Hull and P. and I. nature and such Hull and P. and I. coverage shall also protect the interests of the Charterer to the extent of the liability it would have if it were the owner of the vessel."

The libelant contends that the P. and I., or protection and indemnity insurance referred to above was required to be taken out and carried by the respondents as agents, and that the suits herein are brought for damages arising out of risks customarily insured under the P. and I. policy.

Respondents allege that the words "unless otherwise agreed" found in the second paragraph quoted above void the extensive provisions as to insurance, because, as respondents allege, it was otherwise agreed that the United States would indemnify the

agents against all claims. However, libelant argues that if there is any conflict between Clause 20 and Article 17(a), the more specific Clause 20 should control under the authority of Deep Vein Coal Co. v. Chicago & E. I. Ry. Co., 7 Cir., 1934, 71 F.2d 963.

Libelant also points out that respondents have failed to mention Article 9 of the service agreement which relates to insurance, including P. and I. risks, and which might be extremely pertinent in this action.

The contract clauses as they now appear are not clear and need construction. Judge Caffey was faced with the same problem in the Cities Service action herein upon exceptions filed by the respondent which were subsequently withdrawn upon consent. Judge Caffey stated at the outset of his opinion on the question that: "The documents involved are wordy. In consequence, it is difficult with certainty to construe their provisions. I confess I do not always feel sure of the meaning of some of them * *."

Nevertheless Judge Caffey decided the issue in favor of the respondent Cities Service.

I feel that the provisions of the agency agreement and time charter party are far from clear on their face and that it would be erroneous to determine these actions on respondents' exceptions especially in light of the fact that libelant insists on its right to offer proof at a trial as to the intent of the parties to the agreements based upon the intricate nexus of contracts and arrangements between the Government and its agencies on the one hand, and vessel owners, operators and agents on the other. Cf. American Stevedores, Inc. v. Porello, 1947, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, in which case the Supreme Court reversed a decree of indemnity because of an offer of proof by one of the parties as to the intentions of the contracting parties which the Supreme Court held had been erroneously rejected by the Court of Appeals. Porello v. U. S., 2 Cir., 153 F.2d 605.

The exceptions and exceptive allegations of respondents are accordingly overruled.