**INLAND MUTUAL INS. CO.**

v.

**ELLZEY et al.**

**Civ. A. No. 198.**

United States District Court
N. D. Florida,
Gainesville Division.

April 2, 1954.

Philip May, Crawford & May, Jacksonville, Fla., Barton T. Douglas, Gainesville, Fla., for plaintiff.

Wilbur F. Anderson, Bronson, Fla., for defendants Ellzeys.

William C. O'Neal, Gainesville, Fla., for defendants Meeks.

DE VANE, Chief Judge.

In this case plaintiff seeks a declaratory judgment as to its liabilities to A. H. Ellzey and William E. Ellzey, under an automobile liability policy for injuries suffered by L. J. Meeks, an employee of the other named defendants. By Exclusion (d) of said policy it is provided, among other things, that the policy does not apply under Coverage A to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured.

A. H. and William E. Ellzey were engaged in logging operations and L. J. Meeks was employed by them. Meeks' employers provided transportation for him to and from work. The means of transportation consisted of trucks used for logging purposes and Meeks and

other employees rode home at the end of the day's work on trucks loaded with logs. On the afternoon of the day on which Meeks was injured the two trucks used to transport logs left the scene where the logs were loaded together and Jack Meeks, as usual, was riding on one of the loaded trucks. On the way out of the woods one of the trucks became stuck in the mud and the other truck came to its assistance. Meeks, along with other employees, joined in the effort of pulling the stuck truck out of the mud. Meeks was in the process of fastening a chain attached to the stuck truck to the bumper of the other truck, and, in the process of bringing the other truck in sufficient proximity to the stuck truck, it was permitted to roll down against the stuck truck, pinning Meeks between the two and injuring him.

The question presented by the depositions in this case, which are in no way in conflict, is whether Exclusion (d) of the policy applies in this case, or, whether the obligation rests with plaintiff to defend the action brought by Meeks against A. H. and William E. Ellzey and to assume liability for any judgment rendered in Meeks' favor against the Ellzeys up to the amount of the insurance policy.

It is well settled by the decisions that where an employer furnishes transportation for his employees to and from work that such transportation is an implied term of the employment and that the Exclusion provisions of insurance is applicable to such employees while being transported to or from work by the employer. Webb v. American Fire & Casualty Co., 148 Fla. 714, 5 So.2d 252; Johnson v. Aetna Casualty & Surety Co., 5 Cir., 104 F.2d 22; Lumber Mutual Casualty Ins. Co. of New York v. Stukes, 4 Cir., 164 F.2d 571; State Farm Mut. Automobile Ins. Co. v. Braxton, 4 Cir., 167 F.2d 283 and Getlin v. Maryland Cas. Co., 9 Cir., 196 F.2d 249.

The court, therefore, finds and holds in this case that Meeks was injured in the course of his employment and that Exclusion (d) of said policy exempts plaintiff from liability in this case.

An appropriate judgment will be entered in conformity with this Memorandum Decision.