James W. **ZIPPERER**, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**, Appellee.

No. 16613.

United States Court of Appeals
Fifth Circuit.

April 30, 1958.

Carl G. Swanson, Jacksonville, Fla., for appellant.

John M. McNatt, Jacksonville, Fla., McNatt & Mathews, Jacksonville, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

BORAH, Circuit Judge.

James W. Zipperer, the appellant here, was on August 21, 1954, injured while riding as a passenger in an automobile which was then being driven by George E. Barber, his step-father, with the consent of the owner, Charles H. Barton. Following the accident, Zipperer brought suit in the appropriate Florida court against Barton to recover damages for the injuries he had suffered because of the alleged negligence of the driver of the automobile. The record shows that the State Farm Mutual Automobile Insurance Company, appellee herein, had issued its liability insurance policy to Barton covering the automobile. The policy, among other things, contained a provision that the appellee would pay on behalf of the "insured" all sums which the insured became legally obligated to pay as damages because of bodily injury

caused by accident arising out of the use of the automobile. The policy also provided that the unqualified word "insured" used therein, "includes the named insured and also includes any person while using the automobile * * *, provided the actual use of the automobile is by the named insured or with his permission." Under Section (e) of Exclusions, it was provided that coverage did not apply "* * * to the insured or any member of the family of the insured residing in the same household as the insured." This policy was in full force and effect at the time of the accident, but the insurer denied liability on the ground that the claim was not within the coverage of the policy, and therefore refused to defend Barton in the state court action. Thereafter, and following the entry of the state court judgment, Zipperer, believing that the judgment debtor did not have in his possession visible property upon which a levy could be made sufficient to satisfy said judgment, caused a writ of garnishment to be issued against the insurance company as garnishee, wherein he claimed that the insurer was obligated under the terms of the policy contract to pay to him on behalf of Barton the amount of the judgment together with costs. On petition of the garnishee, the garnishment action was removed to the District Court for the Southern District of Florida. There, issue was joined and following the taking and filing of the depositions of Zipperer and his mother, the case came on to be heard on the garnishee's motion for summary judgment in its favor.

The District Court found from the depositions and pleadings that at the time of the accident, George E. Barber was the step-father of the plaintiff James W. Zipperer; that the plaintiff was then unmarried and less than twenty-one years of age and lived in the residence of his step-father and mother; that except for the time that the plaintiff was in the military service, he had lived with his step-father and mother since their marriage in 1944 and was a member of the family of and was residing in the same household as George E. Barber, although he was paying board at the time of the accident. And on the basis of these undisputed facts the court concluded that the coverage of the policy of insurance did not apply and that there was no obligation on the part of the garnishee to pay the judgment recovered by the plaintiff against Barton. Accordingly, judgment was entered for the garnishee-defendant and plaintiff has appealed.

In reaching its conclusion that the policy in suit excludes the personal injury claim of appellant from its coverage provisions the court stated that it was of the opinion "that the exclusion clause applies not only to the named 'insured,' Charles H. Barton, but also applies to George E. Barber, who was using the automobile with the knowledge and consent of the named insured at the time of the accident." Insisting that this construction of the exclusion clause broadens the terms of the insurance policy, appellant here argues that he sued the owner of the car, not the driver, and that inasmuch as he was not a member of the family and residing in the same household of the *named* insured, the exclusion clause should not apply. However, appellant has not directed our attention to any cases which so hold, and those which he does cite relate only to the construction of ambiguous provisions in policies and they are of no help here.

In Morris v. State Farm Mutual Automobile Ins. Co., 88 Ga.App. 844, 78 S.E.2d 354, 356, the Georgia Court of Appeals had occasion to consider almost the identical question here under consideration and in construing the same exclusion clause (e) here involved said:

"The plaintiffs in error contend that the exception should be construed to mean that the policy did not apply to the insured, etc., and that under that interpretation the coverage of the policy would be nullified. This contention is without merit because the exception provides that the policy does not apply 'under coverage A' to the insured, etc. If we reconstruct the sentences in

the exception and have it read as follows: 'This policy does not apply under coverage A * * * to the insured, etc.,' the only reasonable interpretation is that the coverage under I. A. does not apply to the insured or members of his family residing in the same household. The word 'insured,' under the terms of the policy, includes the named insured and those driving the named insured's automobile with his consent, so it seems clear that the insurance company intended, under this reconstruction of the exception, to exclude liability arising from a liability of an additional insured to the named insured or any member of his family residing in the same household, and to exclude liability arising from the liability of the named insured to any member of his family, etc., and exclude liability of any additional insured to any member of his family, etc."

We think the reasoning of this case is sound, and we concur in the principles therein enumerated insofar as applicable to the case at bar. See, also, Webb v. American Fire and Casualty Co., 148 Fla. 714, 5 So.2d 252.

 Appellant next contends that under the provisions of the policy, the insurance company was obligated to defend the state court action filed against the named insured and failing in this, the insurer breached its contract and waived any right to assert in this garnishment proceeding that the claim of the appellant was not within the coverage of the policy. Appellant cites no authorities so holding and we have found none. To the contrary, all the cases that we have found are in agreement that where the insurer justifiably refuses to defend on the grounds that the claim upon which the action is based is not within the coverage of the policy, it is not guilty of a breach of contract and no legal liability

attaches to its action. Where, as here, the policy requires the insurer to defend suits brought against the insured, even if such suit is groundless, false or fraudulent, it is the law that if the complaint fails to allege facts which, if established, create liability within the policy, no duty rests upon the insurance company to defend the action or to pay a judgment obtained therein. Midland Construction Co., Inc., v. United States Casualty Co., 10 Cir., 214 F.2d 665, 667. See, also, 49 A.L.R.2d 694.

 Finally, appellant contends that exclusion clause (e) of the policy in suit is in conflict with the Florida financial responsibility law of 1955, F.S.A. § 324.011 et seq. and therefore a nullity. We do not agree. In the first place, the 1955 act which requires both owners and operators of motor vehicles to furnish proof of financial responsibility did not become effective until October 1, 1955, and by its terms is inapplicable to this accident which occurred prior to its effective date. Furthermore, the statute which was in effect on the date of the accident [1] required financial responsibility only of operators of motor vehicles. Thus it is plain that the law which governed at the time of the accident did not require the owner to have insurance. But apart from these considerations we find nothing in exclusion clause (e) which is contrary to the express provisions of the applicable financial responsibility act or the public policy of the State of Florida enunciated therein, and it is well established that in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability and to impose such conditions as they wish upon their obligations, not inconsistent with public policy, and the courts are without right to add anything to their contracts, or to take anything therefrom.

Finding no reversible error, the judgment of the lower court is

Affirmed.

---

1. Former Chapter 324, covering Sections 324.001 to 324.19, repealed by Laws 1955, c. 29963, Section 3, F.S.A. § 324.271.