[Civ. No. 12090. Third Dist. Oct. 31, 1969.]

AMERICAN HOME ASSURANCE COMPANY, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

356

**COUNSEL**

Coshow & Barr and John D. Barr for Plaintiff and Appellant.

Hardy, Erich & Brown and Cavan Hardy for Defendant and Respondent.

## OPINION

**DAVID, J. pro tem.**[*]—Appeal from summary judgment in a proceeding for declaratory relief before the Superior Court of Shasta County.

Mrs. Dorothy L. Crawford, an invitee or independent contractor, was unloading some boxes from the rear of her station wagon, parked in McColl's Dairy parking lot, when she slipped and fell because of a defect in the parking lot. She sued McColl's Dairy, which was insured for public liability with appellant American Home Assurance Company. Mrs. Crawford was insured for injuries with respondent State Farm Mutual for liability incurred for injuries *to others* arising out of the use of her automobile.

American Home claimed that its insured, McColl's, was an additional insured under the State Farm policy. Its argument then depends on construction of the clause which excludes coverage for injuries to the insured. It claims that since McColl's is the "insured" seeking coverage, the exclusion applies to it, and since *McColl's* did not sustain injuries, the State Farm policy covers Mrs. Crawford's injuries.

American Home tendered the defense of Crawford's action against McColl's Dairy to State Farm, which refused it. The present action for declaratory relief was thereupon brought by American Home against State Farm, and judgment for the latter is now appealed. The judgment must be affirmed.

This matter was presented to the trial court, as a matter of law predicated on the State Farm policy. No facts are before us concerning the incident itself, except the statement above, substantially conceded in the briefs and argument.

Appellant candidly opened its brief by the observation that "coverage problems such as this often require a substantial amount of mental gymnastics." Appellant now urges us to take one leap further than *Entz* v. *Fidelity & Casualty Co. of New York* (1966) 64 Cal.2d 379 [50 Cal.Rptr. 190, 412 P.2d 382], which held that "loading and unloading" constitute use of the automobile, which "use" continues throughout the process. However, here, McColl's Dairy was *not* engaged in any operation shown by the record to have constituted "loading and unloading." The condition of the premises herein was static, *not* actively in use in the unloading process (cf. *Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers*

---

[*]Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

*Indem. Exchange* (1961) 190 Cal.App.2d 194, 202 [11 Cal.Rptr. 762]; *Shippers Dev. Co.* v. *General Ins. Co. of America* (1969) 274 Cal.App.2d 661, 668-673 [79 Cal.Rptr. 388]).

We are unable to make the double back-flip of holding that a policy of insurance, issued to C to protect her against any liability she might incur as to M in the use of her vehicle, protects M against liability to her for personal injury incurred due to M's negligence, when the policy excludes any coverage for injury to herself.

Dorothy L. Crawford was the named insured in the State Farm policy. The policy specifically excluded coverage for bodily injury to the insured. Under the terms of the policy, State Farm agreed to "pay on behalf of the insured all sums which the insured shall be legally obligated to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage. . . ." It insured (1) the named insured, (2) also, (if residing in the same household) the spouse of the named insured and their respective relatives, (3) the use of the auto by the named insured or spouse within the scope of such permission, and (4) under personal injury and property damage coverages, any person or organization legally responsible for the use of such an insured automobile by any insured person in the categories listed.

We are not impressed with the contention that McColl's Dairy, owner of the defective premises, was a person or organization "using" the Crawford automobile with Crawford's permission while *she* unloaded it and hence ·was covered for liability to her resulting from injuries which she incurred. (*Entz* v. *Fidelity & Casualty Co., supra,* 64 Cal.2d at p. 385; *Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers Indem. Exchange, supra,* 190 Cal.App.2d at p. 202; Veh. Code, § 16451; *Truck Ins. Exchange* v. *Webb* (1967) 256 Cal.App.2d 140, 145-146, 148 [63 Cal.Rptr. 791].) Appellant claims that McColl's "is an organization legally responsible for the use of the automobile which Mrs. Crawford was unloading in its parking lot." (AOB, p. 6) The definition of "insured" involved is: "(5) under coverage A and B any person or organization legally responsible for the use of such owned automobile by an insured as defined under the four subsections above."

A passive, dangerous and defective condition of the premises upon which the automobile is parked is not to be conjured into "the actual use of such automobile." The phrase, "person or organization legally responsible for use of such owned automobile," does not in ordinary usage of the language include one responsible for the parking area on which it rests. (*Pacific Indem. Co.* v. *Truck Ins. Exchange* (1969) 270 Cal.App.

2d 700 [76 Cal.Rptr. 281].) Under the case last cited, we must hold that this injury arose from an intervening cause wholly independent and remote from the use of the automobile. (Cf. *Great American Ins. Co.* v. *General Acc. Fire & Life Assur. Corp.* (5th Cir. 1963) 321 F.2d 948.) Rather, we ascribe to the phrase "organization legally responsible" the recognized responsibilities of a principal, where agency is involved, of an employer, where an injury arises out of the scope of employment, or the vehicle owner, under the owner's statutory liability.

Accordingly, upon the facts and policy involved here, appellant's reliance is misplaced upon decisions such as *Pleasant Valley Lima Bean Growers & Warehouse Assn.* v. *Cal-Farm Ins. Co.* (1956) 142 Cal.App.2d 126 [298 P.2d 109]; *United States Fire Ins. Co.* v. *Transport Indem. Co,* (1966) 244 Cal.App.2d 110 [52 Cal.Rptr. 757]; *Columbia Southern Chemical Corp.* v. *Manufacturers & Wholesalers Indem. Exchange, supra,* 190 Cal.App.2d 194; *St. Paul Fire & Marine Ins. Co.* v. *Hartford Acc. & Indem. Co.* (1966) 244 Cal.App.2d 826 [53 Cal.Rptr. 650]; and *Truck Ins. Exchange* v. *Webb, supra,* 256 Cal.App.2d at p. 147.

The inanimate danger or defect in the premises was not "using," "loading or unloading" the Crawford automobile, nor was any functionary of appellant involved in the unloading process, as defined in *Entz* v. *Fidelity & Casualty Co., supra,* 64 Cal.2d 379.

We also conclude that, if McColl's were an additional insured under the State Farm policy, the clause excluding coverage for injury to the insured would operate to prevent coverage under these facts. To quote from *Travelers Indem. Co.* v. *Colonial Ins. Co.* (1966) 242 Cal.App.2d 227, 235 [51 Cal.Rptr. 724]: "The arguments are completely specious and lead to absurd results. An examination of the insuring agreement set forth above satisfies us that Ralph [Crawford] was always in fact the named insured under the policy and that the italicized language of exclusion refers to *his* [her] claims for injuries."

Consult also: *Farmers Ins. Exchange* v. *Brown* (1967) 252 Cal.App.2d 120 [60 Cal.Rptr. 1]; *Farmers Ins. Exchange* v. *Geyer* (1967) 247 Cal.App.2d 625 [55 Cal.Rptr. 861]; *Hale* v. *State Farm Mut. Auto. Ins. Co.* (1967) 256 Cal.App.2d 177 [63 Cal.Rptr. 819]. In respect to the same exclusion involved in this case, the court in those cases distinguished and declined to follow the majority opinion in *Farmers Ins. Exchange* v. *Frederick* (1966) 244 Cal.App.2d 776 [53 Cal.Rptr. 457].

We have not overlooked *P. E. O'Hair & Co.* v. *Allstate Ins. Co.* (1968) 267 Cal.App.2d 195 [72 Cal.Rptr. 690] and *Shipper's Dev. Co.* v. *General*

*Ins. Co. of America, supra,* 274 Cal.App.2d 661, but do not concede their applicability to the minimal facts before us. (*Entz* v. *Fidelity & Casualty Co., supra,* 64 Cal.2d 379.) We are not concerned with an injury to a third party, who can find no party, other than the owner of the vehicle, to respond to a judgment.

■ The exclusion of liability for injury to the named assured is authorized by Vehicle Code section 16454; therefore, it is not prohibited by Vehicle Code section 16451, the financial responsibility law, which defines risks which must be covered. (*Hale* v. *State Farm Mut. Auto. Ins. Co., supra,* 256 Cal.App.2d 177, 180; cf. *Rollo* v. *California State Auto. Assn.* (1958) 159 Cal.App.2d 172, 179 [323 P.2d 531].)

Under the circumstances, McColl's Dairy was not an assured. The exclusionary clause should be construed to refer only to injuries sustained by the named insured. We believe the exclusion applying to any claim she might make directly applies also to the claim asserted here. If she recovered against American Home and it was entitled to compel payment to her under the State Farm Policy, State Farm would be paying a claim to her for personal injury, contra the authorized contractual exclusion.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied November 28, 1969, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1969.