PER CURIAM.
The appellants [plaintiffs in the trial court] appeal from an adverse final judgment denying them recovery against the appellee [defendant in the trial court]. The final judgment rendered by the trial judge reads in part as follows:
* * * * * *
“(a) On February 9, 1966 Diane Marie Ramy was the named insured under State Farm Mutual Automobile Policy No. 4483 785 B02 59 issued by the Defendant covering a 1965 two door Con-vair motor vehicle owned by Diane Marie Ramy, said policy being in full force and effect on such date.
“(b) On February 9, 1966 the said Diane Marie Ramy sustained bodily injuries by accident while proceeding to her automobile which was stopped in the street at the entrance to a restaurant owned and operated by the Plaintiff, Les Violins, where she had been a patron. The automobile was being used, having been brought to the entrance by the Plaintiff, Theobaldo De Las Casas.
“(c) As a result of the bodily injuries sustained by the said Diane Marie Ramy, a lawsuit was filed on her behalf against certain parties including the Plaintiffs herein, Les Violins and Theobaldo De Las Casas, said lawsuit being Eleventh Judicial Circuit Court Case No. 67-18965.
******
“(h) The policy of insurance issued by the Defendant herein to Diane Marie Ramy contained the following exclusion:
‘This insurance does not apply under:
******
(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;
******
“(i) Under the terms of the policy issued by the Defendant herein to Diane Marie Ramy bodily injuries are described as ‘coverage A’.
“(j) This exclusion is valid under Florida law and was applicable to the lawsuit brought by the said Diane Marie Ramy against the Plaintiffs herein, Les Violins and Theobaldo De Las Casas.
“(k) Under the terms of the policy issued by the Defendant herein to Diane Marie Ramy the duty of the Defendant was to defend any suit against the insured alleging such bodily injury and seeking damages payable under the policy.
“(i) The lawsuit brought by Diane Marie Ramy against the Plaintiffs herein sought damages for bodily injury to herself as the insured, as defined in the policy, within the meaning of this applicable exclusion and therefore the damages being sought by Diane Marie Ramy were not payable under the policy issued by the Defendant herein to the said Diane Marie Ramy. As a consequence there was no duty on the part of State Farm Mutual Automobile Insurance Company to defend Les Violins and Theobaldo De Las Casas in the lawsuit brought against them by Diane Marie Ramy growing out of the accident of February 9, 1966, its refusal to do so was proper under the terms of the policy, and the Plaintiffs herein have no right to recover from State Farm Mutual Automobile Insurance Company for its refusal to defend them in said case.”
******
*561 It is apparent that the insured was injured; there was no obligation on the insurance company to defend her claim against the appellants and, therefore, after the appellants [defendants in the original case] paid the judgment rendered therein they should not have any claim over against the injured party’s insurance carrier. Reliance Mutual Life Assurance Company of Illinois v. Booher, Fla.App.1964, 166 So.2d 222; Zipperer v. State Farm Mutual Automobile Insurance Company, 5th Cir. 1958, 254 F.2d 853; Tenopir v. State Farm Mutual Co., 9th Cir. 1968, 403 F.2d 533; American Home Assurance Company v. State Farm Mutual Automobile Insurance Company, 1 Cal.App.3d 355, 81 Cal.Rptr. 732.
For the reasons stated in the final judgment here under review the same be and it is hereby affirmed.
Affirmed.