[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13419
Non-Argument Calendar

_____

D. C. Docket No. 07-22677-CV-JAL

VITAS HEALTHCARE CORPORATION,
a Delaware corporation,

Plaintiff-Appellant,

versus

EVANSTON INSURANCE COMPANY,
an Illinois Insurance company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 18, 2008)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Vitas Healthcare Corporation ("Vitas") appeals from the district court's

order granting judgment on the pleadings to Evanston Insurance Company ("Evanston"), in Vitas' action seeking a declaratory judgment of the respective rights and obligations arising under an insurance contract between Vitas, as Named Insured, and Evanston, as Insurer. On appeal, Vitas argues that the district court erred in construing the contract between the parties to find that an exclusion in its insurance policy coverage for employees injured on site also applied to the Additional Insured, Vitas' landlord, Northwest Capital Corporation ("NCC"). After thorough review, we affirm.

We review de novo a district court's denial of a motion for judgment on the pleadings. Moore v. Liberty Nat. Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001). Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005). The interpretation of provisions in an insurance contract is a question of law, reviewed de novo. James River Ins. Co. v. Ground Down Eng'g, 540 F.3d 1270, 1274 (11th Cir. 2008). Since this is a diversity case, we are bound by Florida law. Hartford Accident & Indem. Co. v. Beaver, 466 F.3d 1289, 1291 (11th Cir. 2006).

The relevant facts are these. Vitas, a Delaware corporation, leased its Miami offices from NCC pursuant to a Lease Agreement ("Lease"). The Lease required

2

Vitas to procure and maintain liability insurance for the premises, and include NCC as an Additional Insured on the policy. In February 2003, Paul Carney ("Carney"), an employee of Vitas, fell and was injured on the premises while within the scope of his employment. Carney filed for and received workers' compensation benefits, and, in November 2004, filed a complaint against NCC alleging that his injuries were caused by NCC's negligent maintenance of the premises. Although NCC demanded defense and indemnification from Evanston pursuant to Vitas' insurance policy, Evanston denied coverage on the basis of the policy's employee exclusion clause.[1] NCC subsequently filed a third-party complaint against Vitas in the Carney action, seeking contribution, common law and contractual indemnification, and alleging breach of contract in procuring insurance for NCC. On October 10, 2007, Vitas initiated the present declaratory judgment action to determine whether NCC was entitled to coverage under the language of the employee exclusion clause.

On appeal, Vitas argues that the district court erred by applying the employee exclusion term "the Insured" jointly, rather than severally. Vitas argues

---

[1] In relevant part, the policy provides that Vitas is the Named Insured and includes NCC as an Additional Insured, but excludes coverage for "any claim based upon or arising out of Personal Injury to any employee of **the Insured** arising out of and in the course of his employment by **the Insured** or to any obligation of **the Insured** to indemnify another because of damages arising out of such injury." (Emphases added).

3

that despite the lack of a severability clause in the insurance policy, "the Insured" should still be read severally to mean that the provision only excludes coverage for claims arising out of injury to an employee of the insured against whom a claim is asserted, and would not, then, exclude coverage to NCC unless the injured party was NCC's employee.

As an initial matter, we agree with the district court that there is no controlling Florida case which holds that, in the absence of a severability clause, an employee exclusion clause should <u>only</u> be applied to the insured employer against whom a claim is asserted, and not to any additional insureds who are not employers of the injured. Cases that interpret insurance exclusionary clauses usually involve policies that do have severability clauses, and are therefore not binding under the present facts. <u>See</u> <u>McRae v. Snelling</u>, 303 So.2d 670, 671-72 (Fla. 4th DCA 1974) (noting in dicta that employee exclusion clause only precludes coverage if the injured is asserting a claim against her own insured employer; relying on dicta from <u>Shelby Mutual Insurance Co., v. Schuitema</u>, 183 So.2d 571 (Fla. 4th DCA 1966), a case that involved a severability clause).

Appellant points to a number of cases for the proposition that Florida courts have unequivocally held that an insurer's use of "the Insured" in an exclusionary provision requires the exclusion to be applied severally, rather than jointly. <u>See</u>

4

Auto-Owners Ins. Co. v. Eddinger, 366 So.2d 123 (Fla. 2d DCA 1979); State Farm Fire & Cas. Ins. Co. v. Kane, 715 F. Supp. 1558 (S.D. Fla. 1989); Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n., 117 F.3d 1328, 1336 (11th Cir. 1998); Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 925 (11th Cir. 1998). These cases are all distinguishable, however, as they involved exclusionary clauses based on concealment or fraud, not employee injuries, and as only the named insureds intentionally committed the fraud to trigger the exclusion. The courts applied the exclusion severally to protect the innocent additional insureds.

Like the district court, we find Webb v. American Fire & Casualty Co., 148 Fla. 714 (1942), is more instructive. Webb involved an insurance policy that excluded coverage for injury or death "of any employee of the Insured while engaged in the business of the Insured." Id. at 715. In Webb, the plaintiff was injured in a car accident while on the job, and sued the driver -- her employer. After obtaining judgment against her employer, the plaintiff attempted to collect payment from her employer's insurance company, but the insurance company claimed that the coverage was excluded. While there was no mention of a severability clause, the court looked to the policy's broad definition of "the Insured", and held that the exclusion of coverage applied not only to the employer-

5

driver, but also to the owner of the car. Id. at 717-18. In other words, coverage was excluded for both the named insured and the additional insured, even though the plaintiff was only employed by one of them. Id. at 718. Here, similarly, as there is no severability clause and the policy definition of "the Insured" includes Additional Insureds, coverage to both Vitas and NCC was properly excluded.

Accordingly, we affirm the district court's judgment on the pleadings in favor of Evanston.

**AFFIRMED.**