CANADY, C.J.
 

 State Farm Mutual Automobile Insurance Company seeks review of
 
 State Farm Mutual Automobile Insurance Co. v. Menendez,
 
 24 So.3d 809 (Fla. 3d DCA 2010), in which the Third District Court of Appeal determined that the household exclusion in State Farm’s policy issued to Gilda Menen-dez is ambiguous and therefore could not be enforced to eliminate coverage for bodily injuries suffered by members of the household of a permissive-driver insured. The Third District thus applied the rule that ambiguous policy provisions must be interpreted in favor of the insured. The Third District’s decision expressly and directly conflicts with
 
 Linehan v. Alkhabbaz,
 
 398 So.2d 989 (Fla. 4th DCA 1981), in which the Fourth District Court of Appeal concluded that a similar household exclusion provision did bar coverage for the injury claims of a member of the permissive driver’s household. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const. We conclude that the household exclusion provision in the policy issued to Menendez unambiguously applies to claims by members of the household of a permissive-driver insured. We therefore quash the Third District’s decision and approve
 
 Line-han.
 

 I. BACKGROUND
 

 Menendez, the named insured in an automobile insurance policy issued by State Farm, permitted' her granddaughter, Fabi-ola G. Llanes, to use her vehicle. While operating the vehicle, the granddaughter was in an accident with another vehicle, resulting in injuries to herself, her parents, Fabiola P. and Roger Llanes, and Menen-dez. When the accident occurred, the granddaughter was living with her parents, and Menendez was living at a separate address. Menendez filed a declaratory judgment action against State Farm and Fabiola G., Fabiola P., and Roger Llanes, seeking a determination that the policy provided insurance coverage for the bodily injuries suffered by the Llaneses. State Farm asserted in defense that due to the household exclusion in the policy, there is no coverage for the Llaneses’ bodily injuries. In addition, State Farm filed a cross-claim seeking a declaration that it had no obligation to defend or indemnify the granddaughter in any action filed by the parents or Menendez arising from the accident.
 

 The policy issued to Menendez expressly defines terms in the insurance policy that appeared in bold and italicized type. Specifically, the policy defines the following material terms and phrases:
 

 Insured
 
 — means the
 
 person, persons
 
 or organization defined as
 
 insureds
 
 in the specific coverage....
 

 
 *568
 
 [[Image here]]
 

 Relative
 
 — as used in Sections I, III, IV and V means a
 
 person
 
 related to
 
 you
 
 or
 
 your spouse
 
 by blood, marriage or adoption (including a ward or foster child) who resides primarily with
 
 you.
 
 It includes
 
 your
 
 unmarried and unemanci-pated child away at school.
 

 As used in Section II,
 
 relative
 
 means a relative of any degree by blood or marriage who usually makes his home in the same family unit, whether or not temporarily living elsewhere.
 

 [[Image here]]
 

 You
 
 or
 
 Your
 
 — means the named insured or named insureds shown on the declarations page.
 

 The portion of Menendez’s policy titled “Liability — Coverage A” — which appears in Section I of the policy — obligates State Farm to “defend any suit against an
 
 insured”
 
 for covered damages and to pay damages which “an
 
 insured
 
 becomes legally liable to pay” because of bodily injury or property damage caused by accident resulting from the ownership, maintenance, or use of Menendez’s car. The Coverage A provision — in its omnibus insured clause — then provides that for purposes of that coverage, the term
 
 “insured ”
 
 includes
 
 “you,” “your spouse,”
 
 “the
 
 relatives
 
 of the first
 
 person
 
 named in the declarations,” “any other
 
 person
 
 while using such a
 
 car
 
 if its use is within the scope of consent of
 
 you
 
 or
 
 your spouse,”
 
 and “any other
 
 person
 
 or organization liable for the use of such a car by one of the above
 
 insureds.”
 

 The household exclusion to Coverage A provides that there is no coverage for “any
 
 bodily injury
 
 to” “any
 
 insured
 
 or any member of an
 
 insured’s
 
 family residing in the
 
 insured’s
 
 household.” State Farm asserted that the meaning of the household exclusion is plain and that “the
 
 insured’s ”
 
 as used in the exclusion refers to the prior phrase “an
 
 insured’s ”
 
 used earlier in the exclusion. State Farm thus reasoned that because the granddaughter, as a permissive driver of Menendez’s vehicle, was an insured under the policy and the granddaughter and her parents resided in the same household, there is no coverage under the policy for the parents’ bodily injuries.
 

 In contrast, Menendez and the Llaneses contended that the term “the
 
 insured’s ”
 
 at the end of the exclusion could not have the same meaning as the term “an
 
 insured’s ”
 
 used earlier in the exclusion. They argued that “the
 
 insured’s ”
 
 refers to the named insured, Menendez, and that “the
 
 insured’s ”
 
 does not include permissive drivers. Under this interpretation, the household exclusion would eliminate coverage for bodily injury claims of members of only the named insured’s household. Accordingly, Menendez and the Llaneses asserted that because the parents did not reside with the named insured at the time of the accident, the household exclusion is inapplicable to their injuries. In addition, the Llaneses argued that the granddaughter is not an insured under the policy and thus State Farm was obligated to provide coverage for her injuries.
 

 State Farm, the Llaneses, and Menen-dez each filed a motion for summary judgment. After hearing arguments from the parties, the trial court concluded that the household exclusion is ambiguous. As a result, the trial court granted the motions for summary judgment filed by Menendez and the Llaneses, denied State Farm’s motion for summary judgment, and entered a final summary judgment against State Farm. State Farm appealed the final summary judgment.
 

 The Third District Court of Appeal affirmed. Based on the section of the policy which defines
 
 “insured ”
 
 as including both
 
 *569
 
 the named insured and “any other
 
 person
 
 while using such a
 
 car
 
 if its use is within the scope of consent of’ the named insured, the Third District concluded that the household exclusion clearly eliminates coverage for any bodily injury claims asserted by Menendez and her granddaughter.
 
 Menendez,
 
 24 So.3d at 811. The Third District agreed with the trial court, however, that the household exclusion is susceptible to more than one reasonable interpretation regarding coverage of the parents’ bodily injuries. After discussing the arguments made by the respondents and State Farm, the Third District construed the exclusion in favor of the insured and against the insurer and thus affirmed the trial court’s order.
 
 Id.
 
 at 811-12. State Farm then petitioned this Court for review on the basis of express and direct conflict, and we accepted jurisdiction.
 

 II. ANALYSIS
 

 Before this Court, State Farm and the respondents agree that at the time of the accident, the granddaughter was using Menendez’s car with Menendez’s consent and therefore qualified as an omnibus insured under the policy. They further agree that absent an applicable exclusion, State Farm would be bound by Coverage A to defend the granddaughter in an action for bodily injuries arising from the accident and that if the granddaughter was found legally liable, State Farm would be bound to pay those damages. Finally, the parties agree that at the time of the accident, the granddaughter and her parents lived in the same residence but that Men-endez did not live with them.
 

 Thus, the sole question before this Court is the conflict issue — whether the household exclusion barring coverage for “any
 
 bodily injury
 
 to” “any
 
 insured
 
 or any member of an
 
 insured’s
 
 family residing in the
 
 insured’s
 
 household” unambiguously eliminates coverage for bodily injuries suffered by the members of the household of a permissive-driver insured. We agree with the Fourth District’s decision in
 
 Line-han
 
 that the plain language of the household exclusion bars coverage for bodily injuries suffered by members of the household of a permissive-driver insured.
 

 In
 
 Linehan,
 
 the Fourth District addressed the applicability of a substantively similar household exclusion, which provided — as paraphrased by the district court— that “this insurance does not apply under coverage A to bodily injury to any insured or any member of the family of any insured residing in the same household as the insured.” 898 So.2d at 990 n. 1. In that case, Katherine Alkhabbaz loaned her automobile to her aunt, Marianna R. Line-han. The vehicle was involved in an accident, killing Marianna and injuring her daughter, Laura Linehan, who was driving at the time. Marianna and Laura had resided together in the same household. Marianna’s personal representative sued Alkhabbaz, Laura Linehan, State Farm, which insured the Alkhabbaz vehicle, and Liberty Mutual Insurance Company, which insured a vehicle owned by Marianna but not involved in the accident. State Farm contended that Laura, as a permissive driver, was an insured under the policy and asserted that since Marianna and Laura were residents of the same household, the household exclusion defeated the claims by Marianna’s estate. The trial court granted summary judgment in favor of State Farm, and the Fourth District affirmed the summary judgment.
 
 Id.
 
 at 990.
 

 In interpreting an insurance contract, we are bound by the plain meaning of the contract’s text. “If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain mean
 
 *570
 
 ing of the language used so as to give effect to the policy as it was written.”
 
 Travelers Indem. Co. v. PCR Inc.,
 
 889 So.2d 779, 785 (Fla.2004). “Policy language is considered to be ambiguous ... if the language ‘is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.’ ”
 
 Id.
 
 (quoting
 
 Swire Pac. Holdings v. Zurich Ins. Co.,
 
 845 So.2d 161, 165 (Fla.2003)). A provision is not ambiguous, however, “simply because it is complex or requires analysis.”
 
 Penzer v. Transp. Ins. Co.,
 
 29 So.3d 1000, 1005 (Fla.2010) (quoting
 
 Garcia v. Fed. Ins. Co.,
 
 969 So.2d 288, 291 (Fla.2007)). “When language in an insurance policy is ambiguous, a court will resolve the ambiguity in favor of the insured by adopting the reasonable interpretation of the policy’s language that provides coverage as opposed to the reasonable interpretation that would limit coverage.”
 
 Travelers Indem. Co.,
 
 889 So.2d at 785-86. “Generally, courts will strive to interpret an automobile insurance policy based on the definitions contained within the policy.”
 
 Grant v. State Farm Fire & Cas. Co.,
 
 638 So.2d 936, 937 (Fla. 1994).
 

 Here, the text of the policy unambiguously excludes coverage for any bodily injury claims asserted by members of a permissive-driver insured’s family residing in the household of the permissive-driver insured. This meaning emerges from the policy’s separate definitions of the terms
 
 “insured”
 
 and “the named insured” and the way the words
 
 “insured”
 
 and
 
 “insured’s
 
 ” are used in the text of the household exclusion. Both the broader context of the policy’s defined terms and the immediate context of the policy exclusion provision point unambiguously to the conclusion that the household exclusion is applicable here.
 

 Contrary to the respondents’ argument, the policy clearly and consistently distinguishes the term
 
 “insured
 
 ” from the concept of “the named insured.” In the definitions, the policy provides that Menendez, the individual who contracted with State Farm for insurance coverage, will be referred to as
 
 “you
 
 ” throughout the policy. The policy then consistently uses
 
 “you
 
 ” or the equally unambiguous phrases “the first
 
 person
 
 named in the declarations” or “the first insured named in the declarations” to refer to Menendez. The fact that Menen-dez, “the named insured,” is consistently distinguished from the broader category of
 
 “insured,”
 
 undermines the Third District’s conclusion that the household exclusion is ambiguous.
 

 Moreover, after defining
 
 “insured”
 
 for purposes of Coverage A as including individuals other than Menendez, such as permissive drivers, the policy does not distinguish “an
 
 insured
 
 ” or “any
 
 insured
 
 ” from “the
 
 insured.”
 
 To the contrary, the policy uses the terms “an
 
 insured”
 
 and “the
 
 insured”
 
 interchangeably to refer to any type of insured, bolding and italicizing only the word “insured,” not the article preceding the defined term.
 

 In the text of the household exclusion itself — excluding coverage for “any
 
 bodily injury
 
 to” “any
 
 insured
 
 or any member of an
 
 insured’s
 
 family residing in the
 
 insured’s
 
 household” — the reference to “the
 
 insured’s
 
 household” cannot reasonably be understood as denoting only “the
 
 named
 
 insured’s household.” The interpretation advanced by the respondents ignores the preceding reference in the exclusion to “any
 
 insured
 
 or any member of an
 
 insured’s
 
 family.” The initial reference in the exclusion to “any
 
 insured”
 
 governs the succeeding reference to “an
 
 insured’s
 
 family” and “the
 
 insured’s
 
 household.” In the last phrase, the word “the” points back to the preceding reference to “any
 
 insured
 
 ” and “an
 
 insured’s
 
 family.”
 
 The
 
 is
 
 *571
 
 “used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context or the situation.”
 
 Webster’s Third New International Dictionary
 
 2368 (1993). The exclusion’s reference to family members “residing in the
 
 insured’s
 
 household” therefore encompasses family members residing in the household of any insured.
 

 State Farm’s position regarding the household exclusion is supported by this Court’s decision in
 
 Webb v. American Fire & Casualty Co.,
 
 148 Fla. 714, 5 So.2d 252 (1941). In
 
 Webb,
 
 the plaintiff obtained a judgment against Sophie and Louis Davidson and then instituted garnishment proceedings against American Fire & Casualty Company by reason of an indemnity policy issued to Sophie Davidson. Anna Webb was an employee of Louis Davidson. American Fire claimed that Webb’s injuries, which occurred while Louis was driving, were not covered because of a policy exclusion that stated, “This policy does not apply ... (f) Under Coverage 1, to bodily injury or to death of the Insured; or to bodily injury or to death of any employee of the Insured while engaged in the business of the Insured.”
 
 Id.
 
 at 252.
 

 This Court concluded that American Fire was not liable under the policy. In interpreting the exclusion, this Court looked at the policy’s definition of insured, which included “not only the named Insured but also any person while using the automobile when such actual use is with the permission of the named Insured.”
 
 Id.
 
 at 253. Because there was a dispute regarding whether Louis Davison had been added to the policy as a named insured before the accident occurred, this Court’s holding addressed both possibilities. This Court concluded that if Louis were a named insured, Webb could not recover “because the accident occurred while she was engaged as an employee of the insured.” In the alternative, this Court determined that even if Sophie Davidson were the only named insured on the policy, Webb nevertheless could not recover “because the exclusion clause applies not only to the named insured but also applied to Louis Davidson who was using the automobile with the knowledge and consent of the named insured to transport his employee under his contract of employment with the plaintiff.”
 
 Id.
 
 In brief, this Court interpreted the term “the Insured,” used in an exclusionary clause, as incorporating the policy definition of “insured,” which includes permissive drivers.
 

 Our interpretation of the household exclusion provision here is consistent with the reasoning of
 
 Webb
 
 and with the view adopted by the large majority of other jurisdictions that have addressed similarly worded policy provisions.
 
 See Zipperer v. State Farm Mut. Auto. Ins. Co.,
 
 254 F.2d 853, 855 (5th Cir.1958) (concluding that an exclusion stating that coverage did not apply “to the insured or any member of the family of the insured residing in the same household as the insured” barred coverage for injuries sustained by a passenger who was a relative of a permissive-driver insured);
 
 State Farm Mut. Auto. Ins. Co. v. Northwest Leasing Corp.,
 
 295 F.Supp. 516, 519 (D.N.D.1969) (concluding that an exclusion for “bodily injury to the insured or any member of the family of the insured residing in the same household as the insured” applied to the wife of a permissive insured);
 
 Third Nat’l Bank of Ashland v. State Farm Mut. Auto. Ins. Co.,
 
 334 S.W.2d 261, 262-63 (Ky.1960) (concluding that an exclusion barring coverage for bodily injuries “to the insured or any member of the family of the insured residing in the same household as the insured” applied to injuries suffered by the cohabitating sister-in-law of a permissive driver),
 
 superseded by statute as recognized in Lewis v. West Am. Ins. Co.,
 
 927 S.W.2d 829 (Ky. 1996) (concluding that in light of Kentucky
 
 *572
 
 Motor Vehicle Reparations Act, household exclusions in automobile liability insurance policies violate public policy and thus are not enforceable);
 
 State Farm Mut. Auto. Ins. Co. v. Ballmer,
 
 899 S.W.2d 528, 525-26 (Mo.1995) (concluding that an exclusion for bodily injury to “any insured or any member of an insured’s family residing in the insured’s household” was unambiguous and that “the insured” simply referred to any person or organization identified previously in the exclusion as “an insured,” which under the facts of that case included the permissive driver);
 
 Nodak Mut. Ins. Co. v. Wacker,
 
 154 N.W.2d 776, 778-80 (N.D.1967) (concluding that “the insured” in a household exclusion included a permissive driver and barred the claim by the wife of the permissive driver).
 
 But see Patton v. Patton,
 
 413 Pa. 566, 198 A.2d 578, 580, 582-83 (1964) (concluding that “the insured” in an exclusion eliminating coverage for bodily injury “to the insured or any member of the family of the insured residing in the same household as the insured” meant only the named insured and did not bar a claim by the wife of a permissive driver against the named insured).
 

 III. CONCLUSION
 

 Based on the foregoing, we quash the Third District’s decision, approve
 
 Linehan,
 
 and remand for proceedings consistent with this opinion. The plain language of the household exclusion precludes coverage for bodily injuries suffered by members of the household of a permissive-driver insured, such as the parents in this case, Fabiola P. and Roger Llanes.
 

 It is so ordered.
 

 PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.