SLEET, Judge.
James Motzenbecker, Elizabeth Motzen-becker, Chelsea Ackermecht, and Adam Smith (collectively the “Appellants”) appeal a final summary judgment in favor of State Farm arising from State Farm’s request for declaratory judgment. Appellants argue that the trial court improperly granted final summary judgment for State Farm because the household-exclusion provision of the automobile insurance poli *601 cy issued by State Farm excluding coverage for bodily injury sustained by permissive drivers is void as against public policy and contradicts the requirements of chapter 324, Florida Statutes (2006). We affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
This case stems from a separate cause of action brought by Adam Smith against the Motzenbeckers and Ms. Ackermecht, in which Mr. Smith seeks to recover damages for injuries he sustained in a car accident while driving the Motzenbeckers’ car. On July 30, 2006, the Motzenbeckers and Ms. Ackermecht allowed Mr. Smith to drive their jointly owned 1988 Nissan, and he was injured in an automobile accident. Mr. Smith brought a negligence action against the Motzenbeckers and Ms. Acker-mecht for failure to maintain the brakes on their vehicle. The Nissan was insured by State Farm under a policy issued to Elizabeth Motzenbecker, which provided coverage to Elizabeth Motzenbecker, James Motzenbecker, and Chelsea Ackermecht, their daughter. As a result, the Motzen-beckers and Ms. Ackermecht notified State Farm of the action and requested that State Farm defend them. ■
Thereafter, State Farm initiated an action for declaratory relief and asserted that it did not owe a duty of defense. State Farm alleged that Mr. Smith was an insured under the Motzenbeckers’ policy because he was operating the vehicle with the Motzenbeckers’ and Ms. Ackermecht’s consent and that, therefore, the household-exclusion provision contained in the issued insurance policy barred coverage for the claims in the underlying action. Specifically, the policy issued to Elizabeth Mot-zenbecker, in Coverage A, defines an insured as:
Who Is an Insured
When we refer to your car, a newly acquired car or a temporary substitute car, insured means:
1. you;

2. your spouse;

3. the relatives of the first person named in the declarations;
4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and
5. any other person or organization liable for the use of such a car by one of the above insureds.
Furthermore, the relevant household exclusion provides, in pertinent part:
When Coverage A Does Not Apply
[[Image here]]
THERE IS NO COVERAGE:
[[Image here]]
2. FOR ANY BODILY INJURY TO:
[[Image here]]
c. ANY INSURED OR ANY MEMBER OF AN INSURED’S FAMILY RESIDING IN THE INSURED’S HOUSEHOLD.
In response, the Motzenbeckers and Ms. Ackermecht filed a counterclaim for declaratory relief seeking to establish State Farm’s duty to defend and indemnify them in the action initiated by Mr. Smith.
Both parties then moved for final summary declaratory judgment. Initially, the trial court granted the Motzenbeckers and Ms. Ackermecht’s motion for final summary declaratory judgment. However, State Farm timely filed a motion for rehearing, submitting a newly decided case, State Farm Mutual Automobile Insurance Co. v. Menendez, 70 So.3d 566 (Fla.2011), in support of its position, and the trial court granted a rehearing. At the rehearing, the trial court granted State Farm’s motion to vacate the final summary declaratory judgment entered in favor of the *602 Motzenbeckers and Ms. Ackermeeht and entered final summary declaratory judgment for State Farm. In reaching its decision, the trial court relied on Menen-dez, concluding that the policy excluded coverage for bodily-injury claims by permissive drivers because such users are defined as insureds under the policy. This appeal ensued.
II. DISCUSSION
The Appellants argue that the trial court erred in vacating the order granting final summary judgment in their favor and entering final summary judgment in favor of State Farm. This court reviews a trial court’s grant of summary judgment de novo. State Farm Mut. Auto. Ins. Co. v. Colon, 880 So.2d 782, 783 (Fla. 2d DCA 2004). Whether or not the exclusionary clause of the insurance policy here applies to the facts of this case is a question of law and is also reviewed de novo. See Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1085 (Fla.2005).
The Appellants contend that the household-exclusion provision of the insurance policy in this case is void because it violates chapter 324 of the Florida Statutes and the public policy underlying that chapter. In support of their argument, the Appellants rely on Allstate Indemnity Co. v. Wise, 818 So.2d 524 (Fla. 2d DCA 2001). In Wise, the insured led law enforcement on a car chase. Id. at 525. The chase ended but not before the insured was involved in an accident involving two other cars. The drivers of those cars both asserted claims against the insured under the bodily-injury liability portion of the insured’s automobile insurance policy issued by Allstate. Id. Allstate sought declaratory relief and argued that the claims were not covered because of a policy exclusion for intentional acts. Id. The trial court determined that the policy exclusion did not apply and entered a judgment against Allstate. Id. This court noted that the financial responsibility laws (chapter 324 of the Florida Statutes) are designed to protect the public from losses resulting from ownership and operation of motor vehicles up to specified minimum amounts per person and per accident. Id. at 526. This court held that an insurance policy may not contain exclusions that destroy the effectiveness of the policy as to any substantial segment of the public using the highways. Id. at 527. Furthermore, this court determined that the insurance policy’s expansive intentional-acts exclusion, if strictly applied, would contravene the public policy behind the financial responsibility laws, and thus we affirmed the trial court’s judgment against Allstate. Id.
Here, the Appellants contend that the exclusion in Wise is analogous to the household exclusion at issue in this case because it unlawfully attempts to limit coverage to any third parties to the insurance contract. However, the Appellants’ reliance on Wise is misplaced. While the Wise case involves bodily — injury liability, it involves a different type of exclusion than the one in the instant case. Wise pertains to an intentional-acts exclusion to bodily — injury liability coverage, whereas this case involves a family or household exclusion, which, unlike an intentional-acts exclusion, does not contravene public policy and, thus, is valid and enforceable.
Family or household exclusions have been routinely upheld by Florida courts as lawful and consistent with public policy. See Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172, 1173 (Fla.1977) (“It is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured’s family or household are valid.”); Chrysler Credit Corp. v. United Servs. Auto. Ass’n, *603 625 So.2d 69, 72 (Fla. 1st DCA 1993) (noting that Florida law permits an insurance company to “limit coverage by means of an appropriate family member exclusion”); Newman v. Nat’l Indem. Co., 245 So.2d 118 (Fla. 3d DCA 1971) (upholding a family or household exclusion).
Most recently, in State Farm Mutual Automobile Insurance Co. v. Menendez, the Florida Supreme Court upheld a household-exclusion provision that contained identical language to the exclusion at issue in this case. 70 So.3d at 567. The supreme court held that the household-exclusion provision in the policy issued to Menendez unambiguously applied to claims by members of the household of a permissive-driver insured. Id. at 567. In Menendez, the named insured permitted her granddaughter to drive her car, which was insured by State Farm. Id. While driving the car, the granddaughter was involved in an accident. Id. The granddaughter sustained injuries, as did her parents and the named insured, who were passengers in the car. Id. Because the granddaughter resided with her parents, the granddaughter was not a “relative” according to the policy’s definition and, therefore, was not considered “an insured” because of her familial relation to the named insured. Id. at 568. However, the court determined that because the named insured permitted the granddaughter to drive the car, the granddaughter was considered “an insured” under the permissive — user subsection of the policy. Id. The court held that bodily — injury coverage was not available to the granddaughter’s parents because she was “an insured” under the policy as a permissive driver and the exclusion provided no coverage to “an insured” or “any member of an insured’s family residing in the insured’s household.” Id. at 572.
As noted, the exclusion in Menendez was identical to the exclusion in this case. Just as the Florida Supreme Court determined the granddaughter was “an insured” under the policy because the granddaughter was driving the car with the named insured’s consent, here, Mr. Smith was “an insured” under the policy because he was driving the car with Elizabeth Motzenbecker’s consent. Under Menendez, if a permissive-driver insured’s parents are unable to recover because of the exclusion, it logically follows that an individual considered an insured under the policy would not be able to recover under the exclusion either because the exclusion unambiguously states that there is no coverage for any bodily injury to “any insured.”
Accordingly, we affirm the trial court’s final summary judgment granting declaratory relief to State Farm.
Affirmed.
DAVIS, C.J., and VILLANTI, J., Concur.