# Third District Court of Appeal

## State of Florida

Opinion filed March 02, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-983
Lower Tribunal No. 14-17569
_____

**La Ley Recovery Systems-OB, Inc., a/a/o Dr. Olivio Blanco, Jr.,**
Appellant,

vs.

**United Healthcare Insurance Company,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

Law Offices of La Ley con John H. Ruiz, P.A., and John H. Ruiz, Timothy J. Van Name, and Christine M. Lugo, for appellant.

GrayRobinson, P.A., and Daniel Alter, Shari Gerson, Jeffrey T. Kuntz, Evan D. Appell, and Shayna Freyman (Fort Lauderdale), for appellee.


Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

The plaintiff, La Ley Recovery Systems-OB, Inc., a/a/o Dr. Olivio Blanco, Jr. ("La Ley"), appeals an order dismissing with prejudice its amended complaint filed against United Healthcare Insurance Company ("United"). We affirm because (1) the health plan clearly provides that United will not reimburse third parties, such as La Ley, that have been assigned benefits by a provider, and (2) La Ley's state-law claims, which "relate to" a health plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), are defensively preempted under section 514(a) of ERISA.

La Ley filed an amended complaint against United asserting that Dr. Olivio Blanco, Jr. ("Dr. Olivio") provided services to a patient insured under United's health plan. Prior to providing services to the patient, Dr. Blanco contacted United to verify coverage, and United expressly and impliedly represented to Dr. Blanco that the services were covered and that United would fully compensate Dr. Blanco for the services according to the pre-established rate of payment. After treating the patient, Dr. Blanco submitted the claims to United, but United failed to fully compensate Dr. Blanco. Thereafter, Dr. Blanco assigned his claims to La Ley. Based on these allegations, La Ley asserted six state-law claims against United— negligent misrepresentation, fraudulent misrepresentation, fraud in the inducement, breach of oral agreement, breach of implied contract in fact, promissory estoppel, and unjust enrichment.

2

United moved to dismiss La Ley's amended complaint on two primary grounds. First, United argued that La Ley does not have standing to bring the action because the health plan does not permit assignments to third parties based on the following provision:

### Payment of Benefits

If a Subscriber provides written authorization to allow this, all or a portion of any Eligible Expenses due to a provider may be paid directly to the provider instead of being paid to the Subscriber. **But we will not reimburse third parties that have purchased or been assigned benefits by Physicians or other providers.**

(Emphasis added) (hereinafter referred to as "the payment of benefits provision"). Second, United argued that even if La Ley had standing, La Ley's state-law claims are defensively preempted under section 514(a) of ERISA because all of La Ley's claims "relate to" an ERISA-governed health plan.

Following a hearing on United's motion to dismiss La Ley's amended complaint, the trial court granted the motion to dismiss with prejudice based on the payment of benefits provision in the health plan and defensive preemption. This appeal followed.

In the instant case, Dr. Blanco allegedly assigned his rights to collect any unpaid benefits due from United to La Ley. Although the health plan specifically states that United "will not reimburse third parties that have purchased or been assigned benefits by Physicians or other providers," La Ley contends that the

3

payment of benefits provision in the health plan is ambiguous, and therefore, not enforceable. We disagree. The payment of benefits provision is not ambiguous because it is not "susceptible to more than one reasonable interpretation." State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 570 (Fla. 2011) (internal quotations omitted). Although the payment of benefits provision permits a **subscriber** to assign benefits to the **provider** upon written authorization, the provision specifically precludes the physician or other provider from further assigning the benefits to third parties, such as La Ley. Therefore, the trial court correctly dismissed with prejudice La Ley's amended complaint. See Kohl v. Blue Cross & Blue Shield of Fla., Inc., 955 So. 2d 1140, 1143 (Fla. 4th DCA 2007) (holding that a court may enforce insurance policy provisions that clearly and unambiguously preclude assignment).

Although the order dismissing the amended complaint with prejudice can be affirmed based solely on the application of the payment of benefits provision, we briefly address and reject La Ley's contention that its state-law claims are not defensively preempted by ERISA. "[D]efensive preemption provides an affirmative defense to certain state law claims and calls for their dismissal where the state claim 'relates' to an ERISA plan." Bertoni v. Stock Bldg. Supply, 989 So. 2d 670, 674 (Fla. 4th DCA 2008); see also Villazon v. Prudential Health Care Plan, Inc., 843 So. 2d 842 (Fla. 2003) (holding that "[i]f a claim relates to the

4

manner in which the ERISA plan is administered, ERISA preempts the claim") (quoting <u>Villazon v. Prudential Health Care Plan, Inc.</u>, 794 So. 2d 625, 627 (Fla. 3d DCA 2001)). "This defensive preemption doctrine and its 'relates to' standard originate from ERISA's express preemption provision, 29 U.S.C. § 1144(a)."[1] <u>Bertoni</u>, 989 So. 2d at 674.

In the instant case, La Ley does not dispute that the health plan involved in this case is an ERISA-governed plan. Further, a review of La Ley's amended complaint clearly reflects that the state-law claims "relate to" an ERISA-governed plan. In the amended complaint, La Ley alleges that Dr. Blanco's patient was covered under United's health plan; prior to providing services to the patient, Dr. Blanco contacted United to verify coverage; United informed Dr. Blanco that the patient was covered under the health plan; and United represented to Dr. Blanco that United would fully compensate Dr. Blanco, but United failed to do so. Based on these allegations, there is no doubt that La Ley's state-law claims "relate to" the <u>ERISA-governed health p</u>lan because Dr. Blanco's act of confirming coverage and

[1] 29 U.S.C. § 1144(a) provides:

  (a) Supersedure; effective date

  Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

seeking payment under the plan is a by-product of the plan and its provisions. Accordingly, we conclude that the trial court properly determined that La Ley's state-law claims are defensively preempted.

Based on our determinations as to these issues, we find it unnecessary to address the third ground the trial court relied on in dismissing the amended complaint with prejudice.

Affirmed.