# Third District Court of Appeal
## State of Florida

Opinion filed December 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1952
Lower Tribunal No. 18-13137
_____

## People's Trust Insurance Company, etc.,
Appellant,

vs.

## Progressive Express Insurance Company,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Beck Law P.A., and Joshua S. Beck (Boca Raton); Brett R. Frankel, Jonathan Sabghir, Robert B. Gertzman and Mark T. Babcock (Deerfield Beach), for appellant.

Kelley Kronenberg, and Jack T. Frost and Louis Reinstein (Fort Lauderdale), for appellee.

Before SCALES, LINDSEY and BOKOR, JJ.

BOKOR, J.

In this appeal, we examine a commercial automobile insurance policy issued by Appellee Progressive Express Insurance Company ("Progressive") to determine whether, as a threshold matter, Progressive properly denied coverage for a claim involving a Ford F-750 Super Duty truck. Specifically, we examine whether this otherwise "insured auto" was acting as "mobile equipment" such that the insurer properly denied coverage under a relevant policy exclusion. The trial court grappled with this question at summary judgment and determined that the policy excluded coverage and a duty to defend for bodily injury or property damage resulting from the use and operation of a crane permanently mounted on the otherwise-covered truck. For the reasons explained herein, we conclude that the trial court correctly applied the policy provisions to the facts of the case and properly determined that the policy provides no coverage under these circumstances.

BACKGROUND

Yudel Plasencia and Yilian Perez, the insureds of Appellant People's Trust Insurance Company ("People's Trust"), contracted with Suncrest Shed for the installation of a shed at the insureds' property. Suncrest Shed contracted with King Service Crane to deliver and install the shed. During the installation, the insureds claimed, King Service Crane improperly operated the crane and caused the shed to fall and damage the insureds'

2

roof. The insureds presented a claim for damages under an operative homeowners' policy to the property resulting from the shed installation, which People's Trust paid.

People's Trust, now as subrogee of the insureds, sued Progressive for breach of contract and declaratory relief regarding Progressive's purported improper denial of coverage and refusal to provide a legal defense.[1] People's Trust and Progressive filed cross-motions for summary judgment. Progressive claimed it properly denied coverage based on an exclusion or exception contained in King Service Crane's automobile liability insurance policy for damages resulting from the operation of the crane mounted on the Ford F-750 Super Duty truck. People's Trust sought a determination that the policy exclusion either did not apply or was ambiguous and therefore should be construed against Progressive and in favor of coverage. The trial court granted summary judgment in favor of Progressive, finding that Progressive

---

[1] Initially, People's Trust filed a subrogation lawsuit against Suncrest Shed and King Service Crane, seeking reimbursement of the damages paid to People's Trust's insureds. Progressive, the insurer of the Ford F-750 Super Duty truck owned by King Service Crane, denied coverage and refused to provide a legal defense. People's Trust and King Service Crane then agreed to a consent judgment of $60,200 in favor of People's Trust and against King Service Crane. As part of the settlement and release, King Service Crane assigned its rights, claims, and benefits under the Progressive policy to People's Trust.

3

properly applied the policy exclusion and had no duty to defend or indemnify King Service Crane for the loss.  This resulted in the final order on appeal.

ANALYSIS

We apply a de novo standard of review to questions of insurance policy construction and interpretation.[2]  We start by noting that the policy leaves no doubt that King Service Crane's Ford F-750 Super Duty truck with the crane attached is an "insured auto."   The crux of the lawsuit, and this appeal, is whether the policy excludes coverage based on the operation of the crane mounted onto the truck.   The parties concede that a mobile equipment exclusion in the policy would exempt coverage if it applied.   The policy defines "mobile equipment" as follows:

> 8.     "**Mobile equipment**" means any of the following types of land vehicles including, but not limited to, any attached machinery or equipment:
>
> a.     Bulldozers, farm implements and machinery, forklifts and other vehicles designed for use principally off public roads;
>
> b.     Vehicles **you** use solely on premises you own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;

---

[2] See Arguelles v. Citizens Prop. Ins. Corp., 278 So. 3d 108, 111 (Fla. 3d DCA 2019) ("Insurance policy construction is a question of law subject to de novo review."); see also Fayad v. Clarendon Nat. Ins. Co., 899 So. 2d 1082, 1085 (Fla. 2005) (citing Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp., 636 So. 2d 700, 701 (Fla. 1993) ("The issue of whether an exclusionary clause precludes coverage for damages is a question of law.").

4

c.     Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;

d.     Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:

(i)     Power cranes, shovels, loaders, diggers or drills

. . . .

However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered **autos**.

(Emphasis in original).  The Ford F-750 Super Duty truck is a "land vehicle[] subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged."  Accordingly, the truck does not constitute excluded mobile equipment under that definition.  However, the inquiry does not end there.  Progressive, and the trial court, relied on a policy exclusion based on the fact that the damage at issue was caused by the operation of the mobile mounted crane.  People's Trust asks us to ignore the plain language of the relevant exclusion, the "13.b. exclusion," which states:

**<u>EXCLUSIONS</u>  -  PLEASE  READ  THE  FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES,**

**COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.**

Coverage under this Part I, including **our** duty to defend, does not apply to:

. . . .

13. Operations

Bodily injury, property damage, or covered pollution cost or expense arising out of the operation of:

a. any equipment listed in Paragraphs b. and c. of the definition of auto; or

b. machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of mobile equipment if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged.

(Emphasis in original). We construe clear and unambiguous policy language "in accordance with 'the plain language of the polic[y] as bargained for by the parties.'" Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 33 (Fla. 2000) (quoting Prudential Property & Cas. Ins. Co. v. Swindal, 622 So. 2d 467, 470 (Fla. 1993).[3] When applying the plain language of this "13.b. exclusion" to

---

[3] To accept People's Trust's interpretation would render 13.b. mere surplusage and would lead to absurd results whereby a clear and unambiguous commercial auto policy would be construed to cover damages caused by mobile equipment. We must give effect to every provision, and "avoid treating a word [or provision] as mere surplusage 'if any meaning, reasonable and consistent with other parts, can be given to it.'" Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1242 (11th Cir. 2009) (quoting Roberts v. Sarros, 920 So. 2d 193, 196

the facts of the case, the trial judge correctly granted summary judgment in favor of Progressive.

The truck, "used primarily to provide mobility to a mounted crane," would be excluded "mobile equipment" under the relevant definition, but for

(Fla. 2d DCA 2006)) (applying Florida law).  As the Supreme Court of Florida explained:

> Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written. See State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569–70 (Fla. 2011). In construing insurance contracts, "courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So. 2d 871, 877 (Fla. 2007) (quoting Anderson, 756 So. 2d at 34); see also Swire Pac. Holdings v. Zurich Ins. Co., 845 So. 2d 161, 166 (Fla. 2003) (same). Courts should "avoid simply concentrating on certain limited provisions to the exclusion of the totality of others." Id. at 165. However, "[p]olicy language is considered to be ambiguous ... if the language 'is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage.'" Menendez, 70 So. 3d at 570 (quoting Travelers Indem. Co. v. PCR Inc., 889 So. 2d 779, 785 (Fla. 2004) (quoting Swire, 845 So. 2d at 165)).

Washington Nat. Ins. Corp. v. Ruderman, 117 So. 3d 943, 948 (Fla. 2013).

People's Trust invites us to manufacture an ambiguity where none exists.  We find no ambiguity and give effect to each provision considering the policy as a whole.  The underlying commercial automobile policy which excludes mobile equipment, whether under the definition of mobile equipment, or under the "13.b. exclusion" for the operation of "machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of mobile equipment if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged."

the fact that it is subject to a compulsory or financial responsibility law. The contract contemplates this exact situation. Next, we look to the "13.b. exclusion" which directs us to exclude any claim for property damage "arising out of the operation of . . . machinery or equipment that is on, attached to, or part of, a land vehicle that would qualify under the definition of mobile equipment if it were not subject to a compulsory or financial responsibility law where it is licensed or principally garaged." There is no dispute that the crane was in use at the time of the incident and that the property damage arose out of the operation of the crane. Where, as here, the record clearly established that the damage at issue was caused by the mounted crane, in operational use, on a vehicle that would otherwise qualify as mobile equipment, the trial court correctly granted summary judgment in favor of Progressive on the policy exclusion and properly entered final judgment in accord with such findings.

Affirmed.