# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0256
Lower Tribunal No. 21-12826
_____

**Homeowners Choice Property & Casualty Insurance Company,**
Appellant,

vs.

**Angus Murray,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Cole, Scott & Kissane, P.A., and Carly M. Weiss and Lissette Gonzalez, for appellant.

Alvarez, Feltman, Da Silva & Costa, P.L., and Brian C. Costa, for appellee.

Before EMAS, FERNANDEZ and GORDO, JJ.

PER CURIAM.

Homeowners Choice Property & Casualty Insurance Company ("Homeowners Choice") appeals from the trial court's nonfinal order granting Angus Murray's ("Insured") *ore tenus* motion to compel appraisal and to stay the action pending the completion of the appraisal process.[1]  We reverse.

Homeowners Choice contends the trial court erred by granting the Insured's *ore tenus* motion to compel because the policy's clear and unambiguous appraisal provision provides that "both parties must agree to appraisal."  We agree.

The language in the appraisal provision clearly and unambiguously provides "both parties must agree to appraisal."  Homeowners Choice informed the trial court that it was not agreeing to appraisal.  Therefore, the trial court failed to give effect to the appraisal provision as it was written by granting the Insured's motion to compel appraisal.  See State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569-70 (Fla. 2011) ("If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." (quoting Travelers

---

[1] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (stating that district courts of appeal have jurisdiction to review a nonfinal order that determines "the entitlement of a party to arbitration, or to an appraisal under an insurance policy").

Indem. Co. v. PCR, Inc., 889 So. 2d 779, 785 (Fla. 2004))); E. Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So. 2d 673, 676 (Fla. 3d DCA 2005) ("When the language of an insurance policy is clear and unambiguous, a court must interpret it according to its plain meaning, giving effect to the policy as it was written."). Accordingly, we reverse the order under review.

In addition to reversing the order under review, we briefly address an issue raised by Homeowners Choice to provide future guidance to the trial court. The parties were before the trial court pursuant to an Order to Report for Trial. During the pretrial hearing, the Insured's counsel, without prior notice to Homeowners Choice, made an *ore tenus* motion to compel appraisal. Over Homeowners Choice's objection, the trial court addressed and granted the Insured's motion. By doing so, the trial court violated Homeowners Choice's due process rights. See First Cmty. Ins. Co. v. Adjei, 365 So. 3d 1208, 1210-11 (Fla. 3d DCA 2023) ("Based on the language of the trial court's order setting the case management conference, First Community clearly attended the case management conference prepared to argue only its pending motions to dismiss the complaint, to strike the complaint and for sanctions. Instead, the trial court placed First Community in the untenable position of defending against Adjei's unnoticed, *ore tenus* motion to compel an appraisal that, in essence, was a thinly veiled,

3

dispositive motion on the merits of their complaint. Because this did not comport with due process, we reverse that portion of the appraisal order compelling an appraisal." (footnote omitted) (citations omitted)).

As we have reversed the order under review, we do not address Homeowners Choice's remaining issue raised on appeal.

Reversed and remanded.